The People on the relation of John Schratz and another v. The Judge of the Superior Court of Detroit.

*Superior court of Detroit: Appeals in probate cases.* The superior court of Detroit can obtain no jurisdiction by transfer from the Wayne circuit of appeals from the findings of commissioners on claims in probate cases; the circuit court alone has jurisdiction over such appeals.

*Heard and decided April 8.*

Application for *Mandamus.*

*D. C. Holbrook,* for relators.

*George H. Prentis,* for respondent.

PER CURIAM.

The commissioners appointed by the probate court of Wayne county, to pass upon claims against the estate of Henry Schratz deceased, having allowed a claim in favor of Conrad Schratz, the relators appealed against that decision to the circuit court for the county of Wayne, and after having perfected their appeal in that court, they proceeded to get the cause transferred to the superior court; and the cause, having been there entered, was moved on for trial, when it was objected that the circuit was alone entitled to hold jurisdiction. The judge of the superior court sustained the objection and dismissed the cause. The relators

---

* Judge Christiancy resigned on the 27th day of February, 1875, and Isaac Marston, who was elected at the spring election of 1875, took his seat on April 20, 1875; and in all cases heard at this term prior to April 20th, only three judges sat.

now ask that the latter court be required to vacate the order of dismissal, and entertain jurisdiction.

We think the superior court was right in the view it took of the jurisdiction. The kinds of actions suable there, are specified in the 13th section of the act to establish the court (*Laws of 1873, p. 61*), and the actions subject to be brought in by transfer from the Wayne circuit court are confined by the 21st section to such actions as the former section describes. To ascertain, then, the character the actions must bear to give jurisdiction by means of transfer, we must have recourse to the 13th section, and on recurring to that, it seems plain to us that appeals to the circuit court from findings by commissioners in probate cases are not included. As, therefore, the ground of the motion is untenable, the application must be denied.